UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE: JUAN PIMENTEL BK NO.: 1: 08-bk-12960

JUAN PIMENTEL :

VS. : AP NO.:

DEUTSCHE BANK NATIONAL :
TRUST COMPANY AS TRUSTEE :
FOR THE HOLDERS OF IXIS :
REAL ESTATE CAPITAL TRUST :
2005-HE3 MORTGAGE PASS- :
THROUGH CERTIFICATES, :
SERIES-HE3, ALIAS AND BAC :
HOME LOANS SERVICING, LP, :
ALIAS :

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND ATTORNEY FEES**

This court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This action is a core proceeding.

1. Juan Pimentel (“Pimentel”) is a resident of the State of Rhode Island with an address of 158-160 Briggs Street, Providence, Rhode Island. Plaintiff owns said real estate located at 158-160 Briggs Street, Providence, Rhode Island.

2. On February 4, 2005, Plaintiff executed a mortgage to Novelle Financial Services and a promissory note to Novelle Financial Services.

3. Novelle Financial Services (“Novelle) was an alleged subprime lender, which on information and belief no longer operates as a lender.

4. BAC Home Loans Servicing, LP ("BAC") is a limited partnership. It is a loan servicer.

5. Deutsche Bank National Trust Company is alleged by BAC to be the the Trustee for an alleged entity named Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3 ("Ixis"), which is a securitized trust.

6. The amount in controversy and the subject matter of this complaint is sufficient to invoke the jurisdiction of this Court.

7. All of the parties named herein have sufficient minimum contacts with the Court to render them subject to its jurisdiction.

8. BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing, LP, allegedly on behalf of Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3, has filed a Claim # 3 in the underlying Chapter 13 Bankruptcy proceeding. A copy of said claim is attached as Exhibit A.

9. This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

a. The provisions of 28 USC 1334, 11 USC 105 and 11 USC 506, and Rule 7001 of the bankruptcy Rules of Procedure grant the Bankruptcy Court jurisdiction over questions of law and equity in relation to property within the Bankruptcy estate. The Plaintiff is requesting this Court, inter alia, to restrain the defendants from seeking foreclosing on the subject property owned by the Plaintiff and to issue a Declaratory Judgment.

b. The Court has jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, and deed. Plaintiff is requesting that the alleged assignment of mortgage dated February 4, 2005 be declared invalid and that the alleged corrective assignment dated December 31, 2009 be declared invalid.

c. The Court has jurisdiction to determine certain legal questions relating to Proof of Claim number 3, the Motion for Interim Disbursement filed by BAC and any other filings by BAC or any other party.

**COUNT I**

10. Countrywide Home Loans, Inc. had no standing to file this claim, when the claim was filed and is not the real party in interest to file a claim. BAC Home Loans Servicing, LP lacks standing to file a claim and is not the real party in interest to file a claim.

11. There is no such entity as Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-through Certificates Series 2005-HE3. There is an entity registered on the Website of the Securities and Exchange Commission known as Ixis Real Estate Capital Trust 2005-HE3. Deutsche Bank is the Trustee for that Trust. One loan servicer for that trust, when it was registered with the Securities and Exchange Commission on August 30, 2005, was Countrywide Home Loans Servicing, LP, not Countrywide Home Loans, Inc.

12. The mortgage assignment originally filed in this case by BAC Home Loan Servicing, LP is attached as Exhibit B.

13. The mortgage assignment filed in this case by BAC Home Loan Servicing, LP was a fraudulent assignment for the following reasons:

a. The assignment was purportedly dated February 8, 2005 and referenced a book and page and time of the mortgage of Debtor recorded on February 9, 2005, the day after the purported date of the mortgage assignment.

b. Exhibit B referenced an assignee handwritten in the assignee portion of the assignment as “Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 c/o Countrywide Home Loans, Inc., 7105 Corporate Drive, Plano, TX”.

c. The actual trust, which is Ixis Real Estate Trust 2005-HE3 is referenced at the website for the Securities and Exchange Commission at

this web html address:

http://www.sec.gov/cgi-bin/browseedgar?action=getcompany&CIK=0001337472&owner=include&count=40

d. Exhibit C is the Index for the Trust from the above referenced website link.

e. Exhibit D referenced by the attached link is the initial prospectus supplement for Ixis Real Estate Capital Trust 2005-HE3. A copy of the first page of this prospectus supplement is attached as Exhibit E. This document was dated as of May 10, 2005 and was not registered with the Securities and Exchange Commission until August 30, 2005.

f. Ixis Real Estate Capital Trust 2005-HE3 did not exist at the earliest until May 10, 2005.

g. The Pooling and Servicing Agreement referenced in the prospectus supplement was defined as having an effective date of August 1, 2005. Ixis Real Estate Capital Trust 2005-HE3 was created by the Pooling and Servicing Agreement on August 1, 2005. Thus no valid assignment could be given to this entity on February 8, 2005, as it did not yet exist on that date.

h. Some person fraudulently backdated the assignment to February 8, 2005 on some date after the creation of the Ixis Trust.

14. The prospectus referenced as Exhibit C indicates that any mortgage loans ultimately placed in the Ixis Trust would occur after a loan purchase agreement between the originating lender and the Seller, Ixis Real Estate Capital, Inc. Thus any assignment from Novelle Financial Services to the entity listed on Exhibit B or to the Ixis Trust could not have occured, as any loans purportedly deposited in the Ixis Trust did not come directly from the originating lender.

15. BAC Home Loans Servicing, LP, through its attorney, has on February 4, 2010 forwarded to the Attorney for the Debtor a purported corrective assignment of mortgage attached as Exhibit E. This document purports to assign the mortgage from Novelle Financial Services directly to Deutsche Bank National Trust Company as Trustee for the Holders of Ixis

Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 c/o BAC Home Loans Servicing, LP 7105 Corporate Drive, Plano, TX 75024.

16. The alleged corrective assignment indicates that “This corrective assignment is being executed due to a faulty acknowledgment on the prior assignment”. However the faulty nature of the prior acknowledgment references backdating and fraudulent conduct relating to execution of false documents for recording.

17. The person who purportedly signed the corrective document is not an employee or officer of Novelle Financial Services. Rather on information and belief, he is an employee of Impac Funding Corporation, which has an address of 19500 Jamboree Road, Irvine, California. There is no showing that he has any authority to sign any assignment on behalf of Novelle Financial Services.

18. Based on the information contained in the prospectus, if the Debtor’s mortgage loan was purchased by the Ixis Trust, then the following chain of title was necessary for the mortgage note and mortgage deed to be transferred:

a. A true sale from Novelle Financial Services to Ixis Real Estate Capital I, Inc.

b. A true sale from Ixis Real Estate Capital I, Inc. to Morgan Stanley ABS Capital I, Inc.

c. A true sale from Morgan Stanley ABS Capital I, Inc. to Ixis Real Estate Capital Trust 2005-HE3.

None of this documentation has been included in the claim. The “corrective assignment” is also an impossibility because if the loan is included in the Trust, the conveyance of the loan to the Trust did not come from Novelle Financial Services, but rather from Morgan Stanley Capital ABS Capital I, Inc.

19. FRBP 3001 (c) provides that any claims, which are based on a writing have the original or duplicate of the writing filed with the proof of claim. FRBP 3001 (d) requires that the proof of claim shall be accompanied

by evidence that the security interest has been perfected. Neither of those requirements has been complied with in this case.

20. The only documentation for this claim is a signature of an attorney for an alleged loan servicer on behalf of an alleged trustee for an entity, which does not exist in the name provided on the claim. Without any verification with admissible non-hearsay evidenceby a party in interest with actual knowledge, the claim cannot be submitted for the Court's consideration.

21. The law firm representing BAC Home Loans Servicing, LP purportedly also represents Deutsche Bank as Trustee for the entity named in the claim. The reference to representation of Deutsche Bank is unlikely because Deutsche Bank has recently sued Bank of America for damages in excess of $1,000,000,000.00 in the United States District Court for the Southern District of New York in case number 09-cv-9784. BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

## COUNT II

22. Paragraphs 1-21 of Count I are incorporated by reference.

23. The alleged Claimant lacks standing to File a claim, file a Motion for Relief from Stay or Object to a Plan in the underlying Chapter 13 Bankruptcy or any case.

24. The original mortgage assignment attached as Exhibit B, is legally defective and did not assign the mortgage or the note to Ixis for the following reasons:

a. Nancy A. Wood is not and has never been an employee or validly authorized officer of Novelle.

b. No valid corporate resolution from Novelle, have been provided which authorized Nancy A. Wood to be a certified officer of Novelle for any purpose.

25. Any Claims or other Motions which are filed by or on behalf of the claimant are invalid due to the lack of standing of the alleged claimant.

26. The issue of standing may be raised at any time in the proceedings.

**COUNT III**

27. Paragraphs 1-26 are incorporated by reference.

28. The Defendants have the burden of proof of establishing possession and ownership of the note and the mortgage in addition to proving that the mortgage and note were transferred pursuant to law and the terms of the PSA.

29. The Defendants have not proven possession of the note or the mortgage.

30. As a result, the Defendants lack standing to enforce the note or the mortgage.

**COUNT IV**

31. Paragraphs 1-30 are incorporated by reference.

32. On information and belief, BAC is acting to collect funds for itself rather than on behalf of Ixis. BAC purportedly advances Ixis funds for payments on the promissory notes contained in the loan pool. Thus there is no default in relation to payments due to Ixis, as it has been paid in full as to all loans in the pool.

33. Thus, if the Plaintiff's loan and mortgage belong to Ixis, it has been paid in full by either insurance or loan servicers pursuant to the PSA. As a result, any claim being made by BAC is to seek payment on an unsecured claim, as BAC is not a mortgage holder. Any payments sought by BAC in this case will not be paid to Ixis.

**WHEREFORE**, Plaintiff prays that this Court:

A. Issue a Declaratory Judgment determining that the note and mortgage is not vested in Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital

Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3 as Trustee.

B. Issue a Declaratory Judgment determining that pursuant to the terms of the Pooling and Servicing Agreement and 26 USC 860(G), there can be no direct assignment from Novelle, directly to the securitized trust, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3 as trustee.

C. Issue a Declaratory Judgment that the assignment from Novelle Financial Services to Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3, dated February 4, 2005 is invalid and void as a matter of law.

D. Issue a Declaratory Judgment that BAC and Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3 as Trustee have no standing to file a Proof of Claim, a Motion for Relief from Stay and/or to Object to the any Plan filed in this case or in any other case.

E. Issue a Declaratory Judgment that Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3 does not possess a secured claim in regard to the property owned by the Plaintiff, located at 158-160 Briggs Street, Providence, Rhode Island.

F. Issue a Declaratory Judgment denying Claim # 3 of BAC and Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates Series 2005-HE3 and deny any objection to any Plan of the Plaintiff on the grounds that no Defendant has standing to file the claim.

G. Issue a Declaratory Judgment that any Claims filed by BAC for advancements to Ixis have been made on its own behalf and are unsecured claims.

H. Issue a Declaratory Judgment that the Plaintiff owes no mortgage arrearage to any Defendant.

I. Issue a Declaratory Judgment that any foreclosure proceedings previously conducted against the Plaintiff have been invalid and that any costs and legal fees allegedly incurred by Defendants shall not be charged against the Plaintiff.

J. Temporarily, preliminarily and permanently restrain and enjoin all of the Defendants from commencing any further foreclosure actions or collection action against the Plaintiff.

K. Award Plaintiff attorney fees and costs against all defendants jointly and severally.

L. Award such other relief as this Court deems just and proper.

JUAN PIMENTEL
By his Attorney

February 24, 2010

/s/ John B. Ennis
John B. Ennis, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw@aol.com