**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

_____
                                              )
**JUAN PIMENTEL**                 )
    **Plaintiff,**                     )
                                              )
**v.**                                       )
                                              )    **BK Case No. 1:08-bk-12960**
**DEUTSCHE BANK NATIONAL**  )
**TRUST COMPANY AS TRUSTEE** )
**FOR THE HOLDERS OF IXIS**        )    **Adv. Pro. No. 1:10-ap-01013**
**REAL ESTATE CAPITAL TRUST**   )
**2005-HE3 MORTGAGE PASS-**      )
**THROUGH CERTIFICATES,**         )
**SERIES-HE-3, ALIAS AND BAC**   )
**HOME LOANS SERVICING, LP,**   )
**ALIAS**                                  )
    **Defendants**                  )
_____)

**ANSWER OF DEFENDANTS, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE HOLDERS OF IXIS REAL ESTATE CAPITAL TRUST 2005-HE3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE3 AND BAC HOME LOANS SERVICING, LP ,TO PLAINTIFF, JUAN PIMENTEL'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND ATTORNEY FEES**

    Now comes the Defendants, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 and BAC Home Loans Servicing, LP (hereinafter "Deutsche and BAC"), and hereby answers the Complaint for Declaratory Judgment and Injunctive Relief and Attorney Fees ("Complaint") of the Plaintiff, Juan Pimentel ("Plaintiff").

    1.    Admitted upon information and belief to the extent that Juan Pimentel is the record owner of 158 - 160 Briggs Street, Providence, Rhode Island.

2. Admitted upon information and belief to the extent that Plaintiff executed Note and Mortgage on or about February 4, 2005, in favor of Novelle Financial Services.

3. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admitted.

5. Admitted.

6. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the complaint.

7. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the complaint.

8. Admitted.

9. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the complaint.

## **COUNT I**

10. Denied.

11. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the complaint.

12. Admitted upon information and belief to the extent that an Assignment was recorded with the Record of Land Evidence of Providence on July 22, 2008, at Book 9162, Page 162, assigning Mortgage dated February 4, 2005 to Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 c/o Countrywide Home Loans, Inc..

13. Deutsche and BAC deny the allegations contained in Paragraph 13 of the Complaint.

    a. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sub Paragraph a of the complaint.

    b. The document speaks for itself.

    c. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sub Paragraph c of the complaint.

    d. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sub Paragraph d of the complaint.

    e. The document speaks for itself. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Sub Paragraph e of the complaint.

    f.  Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sub Paragraph f of the complaint.

    g.  The document speaks for itself. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Sub Paragraph g of the complaint.

    h.  Deutsche and BAC deny the allegations contained in Sub Paragraph h of the complaint.

14. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the complaint.

15. The document speaks for itself.

16. The document speaks for itself. Deutsche and BAC deny the remaining allegations contained in Paragraph 16 of the complaint.

17. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the complaint.

18. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the complaint.

19. Paragraph 19 is a statement of law to which no response is required.

20. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the complaint.

21. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the complaint.

## COUNT II

22. Deutsche and BAC affirm and assert its answers to paragraph 1 through 21 of the Complaint as if fully set forth herein.

23. Deutsche and BAC deny the allegations contained in Paragraph 23 of the complaint.

24. Deutsche and BAC deny the allegations contained in Paragraph 24 of the complaint.

25. Deutsche and BAC deny the allegations contained in Paragraph 25 of the complaint.

26. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the complaint.

## COUNT III

27. Deutsche and BAC affirm and assert its answers to paragraph 1 through 26 of the Complaint as if fully set forth herein.

28. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the complaint.

29. Deutsche and BAC deny the allegations contained in Paragraph 29 of the Complaint.

30. Deutsche and BAC deny the allegations contained in Paragraph 30 of the Complaint.

## COUNT IV

31. Deutsche and BAC affirm and assert its answers to paragraph 1 through 30 of the Complaint as if fully set forth herein.

32. Deutsche and BAC are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the complaint.

33. Deutsche and BAC deny the allegations contained in Paragraph 33 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over this action.

### THIRD AFFIRMATIVE DEFENSE

The Complaint must be dismissed for insufficiency of process.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed for insufficiency of service of process.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's delay in commencing suit is inexcusable and has resulted in prejudice to Deutsche and BAC so substantial that the doctrine of laches bars its claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata*.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *collateral estoppel*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiff has settled or should hereafter settle for any of its alleged damages with any parties, then Deutsche and BAC is entitled to a credit in the amount of said settlement.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, which are denied, then those damages were caused by a person or persons for whose actions Deutsche and BAC cannot be held liable.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure of consideration.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds.

### FOURTEENTH AFFIRMATIVE DEFENSE

Deutsche and BAC adopts such other defenses raised by any other defendant as may be applicable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Deutsche and BAC reserves the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal appropriate.

### **PRAYER FOR RELIEF**

WHEREFORE, the Defendants, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 and BAC Home Loans Servicing, LP, prays that this Court:

1. Deny Plaintiffs' request for Order of Notice;
2. Deny Plaintiffs' request for Preliminary Injunction;
3. Deny Plaintiffs' request to be awarded any monies;
4. Dismiss this action with prejudice; and
5. Grant such further relief as this Honorable Court deems just and proper.

    Respectfully submitted,
**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE HOLDERS OF IXIS REAL ESTATE CAPITAL TRUST 2005-HE3 MORTGAGE PASS-THROUGH CERTIFICATES,**

**SERIES 2005-HE3 AND BAC HOME LOANS SERVICING, LP,**
By its attorneys,


/s/   David M. Rosen
David M. Rosen, Esq.
BBO: #6609
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
(617) 558-0500



 /s/   Christine A. Murphy
Christine A. Murphy
BBO # 7622
HARMON LAW OFFICES, P.C.
P.O. Box 610389
Newton Highlands, MA  02461-0389
(617) 558-0500
DATED: March 26, 2010          cmurphy@harmonlaw.com

CERTIFICATE OF SERVICE

      I, David M. Rosen, Esquire, state that on March 26, 2010 I electronically filed the foregoing Defenders' Answer to Plaintiff's Complaint to Declaratory Judgment and Injunctive Relief and Attorney Fees and Certificate of Service with the United States District Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

John B. Ennis, Esq.

      /s/ David M. Rosen
      David M. Rosen, Esq.
      BBO: #6609